Jeffrey A. Feasby, State Bar No. 208759
Todd R. Kinnear, State Bar No. 208831
PEREZ VAUGHN & FEASBY INC.
600 B Street, Suite 2100
San Diego, CA 92101
Telephone:  (619) 741-0242
Facsimile:  (619) 460-0437

Attorneys for Plaintiff
Lolicel (Pty) Ltd.

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

LOLICEL (PTY) LTD.,

          Plaintiff,

v.

STANMAR INTERNATIONAL [USA]
INC.; MARTIN PAMENSKY; and
AMY PAMENSKY,

          Defendants.

Case No. **'22CV0926 LL   BGS**

**COMPLAINT FOR DAMAGES AND
INJUNCTIVE AND
DECLARATORY RELIEF**

Plaintiff Lolicel (Pty) Ltd. ("Plaintiff"), by its undersigned attorneys, hereby bring the following Complaint against Stanmar International [USA] Inc., Martin Pamensky, and Amy Pamensky for: (i) Federal Trademark Dilution; (ii) Federal Trademark/Trade Dress Infringement – False Designation of Origin; (iii) Federal Unfair Competition/False Advertising; (iv) Common Law Trademark Infringement and Unfair Competition; (v) False/Fraudulent Registration (15 U.S.C. § 1120); (vi) Fraud; (vii) Violation of Defend Trade Secrets Act (18 U.S.C. § 1836); (viii) Unfair Competition, Cal. Bus. and Prof. Code § 17200, *et seq*.; and (ix) Declaratory Relief, and in support thereof avers as follows.

///

**INTRODUCTION**

1.      Through this action, Plaintiff seeks injunctive and other relief to stop defendants from unlawfully infringing on Plaintiff's trademarks, trade dress, and misappropriating Plaintiff's proprietary and trade secret product information, and for damages caused by defendants' illegal and tortious conduct.

2.      Plaintiff is a South African company that sells sugar-free gelatins and puddings throughout the world. Plaintiff's products are sold under the Simply Delish brand. Plaintiff and defendant Stanmar International [USA] Inc. ("Stanmar") formed a joint venture to bring Plaintiff's products to the United States. As a part of that joint venture, defendants were given access to Plaintiff's confidential trade secrets, including but not limited to product formulas. Plaintiff also granted Stanmar a license to use the Simply Delish trademarks, including the word and design marks, in the United States market and other foreign territories in the promotion and sale of Plaintiff's Simply Delish products. At the time, defendants were honest in admitting that the brand was developed by Plaintiff in South Africa in 2008.

3.      Unbeknownst to Plaintiff, defendants intended to defraud Plaintiff and steal Plaintiff's trademarks, trade dress, and trade secrets in order to unlawfully compete with Plaintiff in violation of the laws of the United States. Defendants now claim that they developed the brand in San Diego in 2011. Accordingly, Plaintiff requires, and is entitled to, temporary injunctive relief because Plaintiff has suffered, and continues to suffer, irreparable harm due to defendants' unlawful conduct. It is essential that this Court order defendants to return all confidential trade secret information in their possession and to cease their improper and illegal competition with Plaintiff.

**PARTIES**

4.      Plaintiff Lolicel (Pty) Ltd. is a South African company, with its principal place of business in South Africa.

///

5.    Defendant Stanmar International [USA] Inc. is a Delaware corporation licensed to do business in California and maintaining its principal place of business in the County of San Diego.

6.    Plaintiff is informed and believes, and based thereon alleges, that defendant Martin Pamensky ("Pamensky") is a citizen and resident of the State of California and currently resides in the County of San Diego. Pamensky is the CEO and President of Stanmar and acted in that capacity at all times relevant to this Complaint.

7.    Plaintiff is informed and believes, and based thereon alleges, that defendant Amy Pamensky is a citizen and resident of the State of California and currently resides in the County of San Diego.

8.    Stanmar, Pamensky, and Amy Pamensky are referred to collectively herein as "Defendants."

## JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, the Defend Trade Secrets Act, 18 U.S.C. § 1836(c), and 28 U.S.C. §§ 1331 and 1332(a)(2). Subject matter jurisdiction over Plaintiff's related state and common law claims is proper pursuant to 28 U.S.C. §1367.

10.    This Court has personal jurisdiction over Defendants because they are residents of the State of California, have their principal place of business in the State of California, and are transacting business in the State of California.

11.    The Southern District of California is a proper venue pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendants reside in this District and a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this District.

///

///

///

## FACTS COMMON TO ALL CAUSES OF ACTION

A.      **Plaintiff's Development of the Simply Delish Brand and Products**

12.     It all began 25 years ago with a mom who was determined to find a way to give her two diabetic children desserts they loved. That is when she formulated the first sugar free jelly/gelatin and pudding products without a compromise in taste. Seeing a need for sugar free/diabetic friendly products, Dina began selling these products from her home. The products, initially called DINA'S, soon became a household name, loved by both sugar and non-sugar eaters.

13.     In 2008, Dina was introduced to Sue Michel, who had a background in the health industry. Using Dina's recipes, the two knew they could create something special. It was at that time that the "Simply Delish" brand was born. The two formed Plaintiff to manufacture and sell the Simply Delish products, with the vision of taking their great tasting products worldwide.

14.     The formulation of the Simply Delish products and the identity of Plaintiff's suppliers remained well-guarded trade secrets. Only a handful of people know the formulation of the Simply Delish products. Anyone who is provided access to this information is required to acknowledge its sensitive nature and agree to maintain its confidentiality. Plaintiff expended substantial time, effort, and expense developing its confidential trade secrets. Plaintiff's trade secrets information is not generally known in the industry and Plaintiff derives economic value from the fact that the information is not publicly available.

15.     Plaintiff's confidential and proprietary trade secrets, which include its product formulations, are stored on a secure computer that only the company's owner can access. All of Plaintiff's employees have signed contracts containing a confidentiality provision that prohibits the disclosure of Plaintiff's trade secrets. In addition, anyone outside the company who receives access to Plaintiff's trade secrets must first sign a non-disclosure agreement.

///

16.    Plaintiff's trade secrets are of great value to Plaintiff and such information would give any competitor who improperly acquired it an unfair competitive advantage because, among other things: (a) it would not have to expend the time and resources to develop the trade secret information as Plaintiff has done; and (b) it could quickly develop similar products in order to unfairly compete against Plaintiff.

17.    The first Simply Delish logo and packaging was designed and launched in August 2008. The logo and design were simple and distinctive:



18.    By 2009, Simply Delish jelly and pudding products were available at leading retail supermarket and pharmacy chains throughout South Africa. Over the years, Plaintiff has extended the sale of its Simply Delish products throughout Africa, to Zimbabwe, Botswana, Zambia, Mozambique, Lesotho and Namibia.

19.    In May 2009, Plaintiff began exporting to the Simply Delish products to the United Kingdom. The products are currently sold in Waitrose, Sainsburys, and many independent stores.

**B.    Plaintiff and Stanmar's Joint Venture**

20.    In 2010, Plaintiff was introduced by a friend to Pamensky and Stanmar. At the time, Stanmar was the importer and distributor of the South African origin Ceres natural fruit juices in the United States. At their initial meeting, the parties discussed the potential of Stanmar distributing the Simply Delish line of jellies and puddings into the US market.

21.    Initially, it was agreed that Plaintiff and Stanmar would operate as a joint venture for the sale of a new line of Simply Delish "Natural" products that would be sold in the United States. Under that agreement, all expenses and profits were to be shared 50/50. Plaintiff would manufacture the product and retain ownership of the brand and its trade secrets – i.e. the ingredient suppliers, formulations and recipes for the products – and Stanmar was authorized to distribute and market the Simply Delish Natural products in the United States. The Simply Delish Natural product line used the same "Simply Delish" logo that had been developed in 2008 and simply added the word "Natural:

///
///
///
///
///
///



22.    Plaintiff worked on the formulations of the new Simply Delish Natural products over many months. Plaintiff initially tried using Stevia as a sweetener for the products, but it was too bitter at that time. Accordingly, Plaintiff and Stanmar agreed to use sucralose in the "Simply Delish Natural" product line instead of Stevia. Plaintiff manufactured the products in South Africa.

23.    The first order of Simply Delish Natural products was shipped to Stanmar in December 2010. That was the first use of the "Simply Delish" and "Simply Delish Natural" trademarks and logo in commerce in the United States.

24.    Over the next five years, the parties operated as a joint venture. However, in 2015, Plaintiff advised Stanmar that it would be best to restructure the parties' business relationship as it was becoming difficult to set the Simply Delish business apart from Stanmar's other business operations for purposes of profit distributions. Plaintiff then worked with Stanmar's accountant over the next two years to complete the accounting of the joint venture's operations.

///

25.     Around this time, Pamensky proposed that Plaintiff trademark the Simply Delish Natural name in the United States in order to protect the brand. Plaintiff agreed based on its understanding that Plaintiff would be the owner of the trademarks. However, unbeknownst to Plaintiff at that time, Pamensky listed Stanmar as the sole owner on the application for the trademark for the Simply Delish name. Being entirely unfamiliar with trademark registration processes and rights, Plaintiff understood that Stanmar's details were recorded on the trademark filing receipt by virtue of Stanmar having tended to the trademark application on Plaintiff's behalf. The United States Patent and Trademark Office ("USPTO") registered the mark on August 18, 2015, Registration No. 4,794,542. Plaintiff never authorized Pamensky nor Stanmar to trademark Simply Delish or Simply Delish Natural in any other jurisdictions.

26.     In 2017, Stanmar began paying Plaintiff a $0.05 royalty on each item it sold. Stanmar paid this royalty until the termination of the parties' business relationship in 2021. Initially, Pamensky asked Plaintiff to first label the royalty on its invoices as a "marketing fee." Pamensky never explained to Plaintiff why he wanted the royalty listed as such on Plaintiff's invoices. Regardless of how it was described on invoices, the parties agreed that Stanmar was paying this royalty for the right to sell Plaintiff's Simply Delish products.

27.     In February 2017, the parties agreed to a new structure for their business relationship for the manufacture, distribution, and sale of the Simply Delish Natural products. There were never any discussions regarding Stanmar's sale of the other Simply Delish ranges, namely the Simply Delish Zero and Simply Delish (sugar-based) product range. Distribution by Stanmar outside of North America would need to be discussed and agreed upon by the parties.

28.     In emails exchanged by the parties, they agreed:

   a. Plaintiff would be the sole manufacturer of the Simply Delish products.

///

b. Plaintiff would charge Stanmar for product at cost plus 15% and Stanmar would pay Plaintiff a royalty for the use of the Simply Delish brand of $0.05 per unit of Simply Delish-branded product sold.

c. Stanmar would be the exclusive worldwide distributor of the Simply Delish Natural products, but excluding distribution channels serviced by the Plaintiff.

29.    Pamensky confirmed to the public that Plaintiff developed and was the owner of the Simply Delish brand. For instance, in an editorial he submitted to UrthMarket in 2017, Pamensky confirmed that "[t]he Simply Delish [brand] started from humble beginnings over 25 years ago in South Africa by a leading food developer[ ] and her friend." In a November 2018 interview with Jewish Journal, Pamensky again confirmed that the brand was well-established prior to his and Stanmar's involvement:

[Q]: Did you know that Simply Delish would be kosher from the start?

Martin Pamensky: Simply Delish was launched in South Africa over 15 years ago as a kosher sugar-free jelly with zero sugar.

[Q]: Where did the idea form the brand Simply Delish brand [sic] come from?

[Pamensky]: Five years ago, I was introduced to the owners of Simply Delish in South Africa and they were interested in exports ….

(See    https://jewishjournal.com/commentary/blogs/241419/simply-delish-martin-pamensky-kosher/.) In an April 2019 interview appearing in The Shelby Report, Pamensky again confirmed that the brand was created in South Africa prior to Stanmar's distribution of the products in the United States:

We were introduced to this particular group in South Africa who were producing a sugar free Jell-O, or we call it a jel dessert because Jell-O is registered in the U.S., and we had to come up with something which was vegan, all natural and had something that would work along the way[.]

(See https://www.theshelbyreport.com/2019/04/23/stanmar-international-introduces-new-products-u-s-market/.)

30.    Beginning in 2017 and through 2019, the parties exchanged various drafts of the documents for the establishment of a new company. During that time, Plaintiff charged Stanmar the agreed-upon price of cost plus 15% for the Simply Delish Natural products. Stanmar also paid Plaintiff the agreed-upon royalty of $0.05 per unit. During that same time, Plaintiff sold Simply Delish Natural products to independent distributors other than Stanmar. Plaintiff paid nothing to Stanmar on these sales.

31.    In 2018, the parties discussed changing the logo and packaging for the Simply Delish Natural products. Up until that time, the Simply Delish logo on the packaging was the same as it had been since the inception of the Simply Delish brand. The word "natural" had been added to this packaging for the Simply Delish Natural products that Stanmar had been distributing in the United States. In reliance upon Pamensky's continued assurances and representations that the parties would finalize the agreements first discussed in 2017, Plaintiff agreed to the redesigns. Stanmar hired an agency in South Africa to design the new packaging, which is shown below:



Plaintiff paid for half of the cost of the packaging redesign.

32.     This was in line with the distribution arrangement between the parties, whereby marketing and development costs would be shared. The sharing of such costs had no bearing however on the intellectual property rights vesting in redesigned packaging including reputational rights vesting therein. This is borne out by the fact that Stanmar continued to pay Plaintiff a royalty for the sale of Simply Delish products. Conversely, Plaintiff sold redesigned packaging through channels independent of Stanmar, without payment to Stanmar, which actions evidence Plaintiff's continued ownership of the intellectual property.

33.     On February 23, 2020, Pamensky sent Plaintiff an email confirming the parties' plan to structure the company in the most efficient way to attract potential investors in the Simply Delish brand, with the anticipated sale of the business in the next five years.[1] Pamensky also reconfirmed the parties' intent to finalize an agreement for Plaintiff to manufacture the product and the agreement for the new company to be formed to hold Plaintiff's intellectual property, including the trademarks, trade dress, copyrights, and product formulations.

34.     On March 24, 2020, Pamensky emailed Plaintiff and suggested that the COVID-19 outbreak had created an immediate need for the parties to come up with a Plan B. Pamensky proposed that the parties move production of all Simply Delish Natural products from South Africa to the United States. He also again confirmed that the parties would transfer all of Plaintiff's intellectual property, including the trademarks, trade dress, and other trade secrets, to the new company to be formed, which the parties would own 50/50.

35.     Plaintiff was not thrilled with the idea of moving production to the United States but was willing to consider the proposition given the uncertainties

---

[1] Pamensky opined in other communications that the business would sell for upwards of $20 million.

presented by the pandemic and Pamensky's repeated representations that the parties would finalize the agreements they had been discussing since 2017. However, Plaintiff insisted that if production was moved, Plaintiff would receive a 7.5% fee based on product manufacture costs. This would serve to compensate Plaintiff for manufacturing profit losses incurred by outsourcing manufacturing. This fee was referred to by Stanmar as a "management fee" in addition to the $0.05 royalty per unit on the goods produced in the new facility.

36.    The parties agreed that Stanmar would look for potential manufacturers to produce the Simply Delish Natural products. To this end, reliance upon Pamensky's repeated and continuing representations that the parties would finalize the agreements they had been discussing since 2017, Plaintiff shared with Stanmar and Pamensky some of its confidential trade secret information, including its suppliers and product formulations. As part of his attempt to make the Plaintiff capitulate, Pamensky suggested that Plaintiff's unwillingness to disclose trade secrets was a ground for termination of their relationship. However, prior to sharing this information, Plaintiff informed Stanmar and Pamensky of the confidential nature of the information and they agreed to keep the information strictly confidential and only share it as required in furtherance of the parties' business.

37.    Stanmar subsequently advised that it had secured a third-party packer in Sarasota, Florida to produce the Simply Delish Natural products. With Plaintiff's agreement, Stanmar proceeded to purchase two cartoning machines from China that were to be shipped to the new third-party packer in Sarasota, Florida. However, just before the new machines arrived in the United States, Stanmar advised that the third-party packer would not be able to meet the parties' requirements. As a result, the parties agreed that production would continue at Plaintiff's facility in South Africa and that the new machines would be sent to South Africa in order the help meet the ever-increasing orders for the Simply Delish Natural products.

///

38.   At or about this time, Stanmar expressed concerns regarding Plaintiff's ability to meet increased demand even with the two new machines. In reliance on Stanmar and Pamensky's continuing representations and reassurances that the parties would finalize the agreements they had been discussing for years, Plaintiff secured loans from its bank to finance the continued growth of the parties' joint business enterprise. Plaintiff used these funds to obtain international food safety certifications, leased a new larger premises at double its previous rental cost, and invested funds in the renovation of the new premises to meet the requirements of the new food safety standards. Plaintiff also purchased a four-ton transport truck, forklift and hired new staff. In addition, with Stanmar's involvement, Plaintiff purchased container loads of ingredients to secure better pricing for the ramp up of production.

39.   Unbeknownst to Plaintiff, on or about October 14, 2020, Stanmar filed a further application for the Simply Delish trademark to broaden the description of goods, again listing itself as the owner of the mark. The USPTO registered the mark on July 27, 2021, under Registration No. 6,432,320.

40.   Shortly thereafter, and again relying on Pamensky's ongoing reassurances and confirmations that the parties would finalize the agreements they had been discussing since 2017, Plaintiff and Stanmar agreed to approach the manufacturers of the Plaintiff's Stevia sweetener in order for them to assist in adjusting and refining the Simply Delish Natural product formulations. Plaintiff also agreed to share the specific percentages of ingredients in its formulations. As with Plaintiff's prior disclosure of its confidential trade secrets to Stanmar, this information was shared under the express condition that Stanmar would keep the information in strict confidence and that the information would only be used to further the parties' joint business dealings.

///

///

///

**C.   Defendants Systematically Seek to Steal Plaintiff's Trademarks, Trade Dress, and Trade Secrets**

41.    Plaintiff is informed and believes, and based thereon alleges, that in early 2021, Stanmar finalized a revised formulation of the Simply Delish Natural product range with Plaintiff's supplier. On or about March 6, 2021, Pamensky sent Plaintiff an email forwarding the "new formulation," which was only slightly different than the original formulation. The email asked Plaintiff to try to manufacture the "new formulation," and if it could, then Plaintiff could be Stanmar's producer of the product in South Africa. This was the first time that Stanmar had asserted any ownership or control of the Simply Delish brand and/or products. Prior to that time, Pamensky and Stanmar had always acknowledged that Plaintiff owned the brand, and the parties had agreed that it would be transferred to the new holding company once the parties' agreements were finalized. Needless to say, Plaintiff was shocked.

42.    Plaintiff immediately pushed back on Pamensky's claims that Stanmar had any ownership interest in the Simply Delish brand or products. Pamensky responded claiming that Stanmar now owned the Simply Delish brand worldwide and that Plaintiff no longer had any rights to it. He also provided Plaintiff with a list of "minimum requirements" for the parties' continued business relationship.

43.    At or about this time, and unbeknownst to Plaintiff, Stanmar changed the "Our Story" portion of its website. While the website used to state that "In 2009 Simply Delish Natural Desserts started from humble beginnings in sunny South Africa," it now falsely stated "In 2011, Simply Delish Natural Desserts started from humble beginnings in sunny San Diego, California." Similarly, in an interview with Forbes, Pamensky implicated his daughter, Amy Pamensky, in his fraud and conspiracy to steal Plaintiff's brand and products:

> [Q]: What inspired you to start your career? You said you have always loved food. So was the food business just the natural place for you to work and build a business?

Pamensky: Well, yes. My Mom always said I would be a farmer - I was growing crops at the back of the house in South Africa and always just had a love for food. My daughter studied as a natural chef and became a nutritionist and her mission is to educate people about how sugar affects the body.

So, in 2011 she and I started the brand from small beginnings in San Diego. The main objective was to develop healthy and delicious desserts that everyone, including diabetic, celiac and vegan, could enjoy.

(*See* https://www.forbes.com/sites/jillgriffin/2021/12/07/cooking-up-a-healthy-business/?sh=7133b45a7faa.)

44.    Defendants' lies have extended to challenging Plaintiff's sale of the Simply Delish and Simply Delish Natural products. For instance, in challenging Plaintiff's sale of the products in the United Kingdom, Defendants' have claimed that they first brought the brand there in 2019. However, Plaintiff started supplying customers in the UK with their Simply Delish products in May 2009. Stanmar has further opposed registration of the Plaintiff's United Kingdom trademark application no. UK00003630047 for the Simply Delish logo, which logo has been used by the Plaintiff in the United Kingdom since 2009. The Simply Delish logo which is the subject of the United Kingdom trademark application appears below:



45.    Once aware of Stanmar's attempt to steal the Simply Delish brand and its products, Plaintiff immediately applied for registration of its core Simply Delish brand in various countries in an attempt to protect its rights. At the same time, Stanmar applied for further trademark registrations for the Simply Delish word mark (Registration No. 6,432,320). On or about July 6, 2021, in a further effort to steal Plaintiff's intellectual property, Stanmar filed an application to register the

Simply Delish logo that the parties jointly developed and paid for based on Pamensky's repeated representations that it would become the property of their yet-to-be-formed holding company.

## FIRST CAUSE OF ACTION

### Federal Trademark Dilution of the Simply Delish
### and Simply Delish Natural Trademarks and Trade Dress
### (Against Stanmar)

46.    Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if set forth fully herein.

47.    Plaintiff began using the "Simply Delish" trademark in 2008. Beginning in 2010, Plaintiff authorized Stanmar to use the "Simply Delish" trademarks and trade dress in commerce in California and throughout the United States. Initially, Stanmar was authorized to use Plaintiff's trademarks and trade dress in the United States as a part of the parties' joint venture. Beginning in 2017, however, Stanmar started paying Plaintiff a royalty to use Plaintiff's trademarks and trade dress in the United States

48.    Pursuant to the parties' agreement, Plaintiff is also the owner of the re-designed Simply Delish logo and the Simply Delish and Simply Delish Natural packaging.

49.    Throughout that time and up to today, the "Simply Delish" trademarks and trade dress have become a well-known symbol of Plaintiff and Plaintiff's products and whose manufacturer details appear on the packaging. As part of Stanmar's attempt to misappropriate the Simply Delish intellectual property rights from the Plaintiff – Stanmar requested that the most recent Simply Delish Natural packaging have the Plaintiff's manufacturer details removed. The manufacturer details of the Plaintiff's other Simply Delish ranges still however display the Plaintiff's manufacturer details.

50.    Stanmar is now making use in commerce of the infringing "Simply Delish" trademarks and trade dress without Plaintiff's permission, which

diletes and is likely to dilute the distinctiveness of Plaintiff's "Simply Delish" and "Simply Delish Natural" trademarks and trade dress by eroding the public's exclusive identification of this mark with Plaintiff, tarnishing and degrading the positive associations and prestigious connotations of the mark, and otherwise lessening the capacity of the mark to identify and distinguish Plaintiff's products.

51.     Stanmar's new formulation of products is inferior to that of the Plaintiff's product, which is thus likely to further tarnish and degrade the positive associations and prestigious connotations of the mark.

52.     Stanmar's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's "Simply Delish" trademarks and trade dress or to cause dilution of the trademarks and trade dress to the great and irreparable injury of Plaintiff.

53.     Stanmar has caused and will continue to cause irreparable injury to Plaintiff's goodwill and business reputations, and dilution of the distinctiveness and value of Plaintiff's famous and distinctive "Simply Delish" trademarks and trade dress in violation of 15 U.S.C. § 1125(c). Plaintiff is therefore entitled to injunctive relief and to Stanmar's profits, actual damages, enhanced profits and damages, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, and 1117. The Court should also order the destruction of all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Stanmar that bear the "Simply Delish" and "Simply Delish Natural" trademarks and trade dress be destroyed.

///

///

///

///

///

///

## SECOND CAUSE OF ACTION

**Federal Trademark/Trade Dress Infringement – False Designation of Origin (Against Stanmar)**

54.     Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if set forth fully herein.

55.     Stanmar's use of the "Simply Delish" names, logos, and packaging is intended to, and is likely to, confuse, mislead, or deceive consumers, the public, and the trade, as to the origin, source, sponsorship, or affiliation of Stanmar's products, and is likely to cause such parties to believe in error that the products sold by Stanmar using the "Simply Delish" trademarks and trade dress have been authorized, sponsored, approved, endorsed or licensed by Plaintiff, or that Stanmar is in some way affiliated with Plaintiff.

56.     Stanmar's acts constitute a false designation of origin, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

57.     Stanmar's acts of introducing into commerce their infringing name and packaging bearing a false designation and representation as to source were willful and intentional.

58.     Plaintiff has been damaged, and is likely to be further damaged, by the false description and representations as to the source of Stanmar's products, because there is a substantial likelihood that customers will be confused as to the true source, sponsorship and affiliation of such products and because such purchasers will believe such products emanate from Stanmar instead of Plaintiff.

59.     Plaintiff is informed and believes, and based thereon alleges, that by their acts, Stanmar has made and will make substantial profits and gains to which it is not in law or equity entitled.

60.     As a direct and proximate result of Stanmar's misconduct, Plaintiff has been damaged, and Stanmar has gained and benefited, and will continue to gain and

benefit, in an amount to be proven at trial. Plaintiff is therefore entitled to Stanmar's profits, actual damages, enhanced profits and damages, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, and 1117. The Court should also order the destruction of all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Stanmar that bear the "Simply Delish" trademarks and trade dress be destroyed.

61.    Plaintiff is informed and believes, and based thereon alleges, that Stanmar intends to continue its willfully infringing acts unless restrained by this Court, and unless enjoined, will continue to cause substantial, immediate, and irreparable injury to Plaintiff.

## THIRD CAUSE OF ACTION

### Federal Unfair Competition/False Advertising

### (Against Stanmar)

62.    Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if set forth fully herein.

63.    Stanmar's use of Plaintiff's "Simply Delish" trademarks and trade dress has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Stanmar's products are provided by Plaintiff, or are affiliated, connected, or associated with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

64.    Stanmar has made false representations, false descriptions, and false designations of, on, or in connection with its products in violation of 15 U.S.C. § 1125(a). Stanmar's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Plaintiff's goodwill and reputation as symbolized by the "Simply Delish" trademarks, for which Plaintiff has no adequate remedy at law.

///

65.     Stanmar's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's "Simply Delish" trademarks to the great and irreparable injury of Plaintiff.

66.     Stanmar's conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff. Plaintiff is entitled to injunctive relief and to recover Stanmar's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

### FOURTH CLAIM FOR RELIEF

**Common Law Trademark Infringement and Unfair Competition**

**(Against Stanmar)**

67.     Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if set forth fully herein.

68.     Stanmar's acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of Plaintiff. Plaintiff has no adequate remedy at law for this injury.

69.     Stanmar acted with full knowledge of Plaintiff's use of, and statutory and common law rights to, Plaintiff's "Simply Delish" trademarks and trade dress and without regard to the likelihood of confusion of the public created by Stanmar's activities.

70.     Stanmar's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's "Simply Delish" trademarks and trade dress to the great and irreparable injury of Plaintiff.

71.     As a result of Stanmar's acts, Plaintiff has been damaged in an amount not yet determined or ascertainable. At a minimum, however, Plaintiff is entitled to injunctive relief, to an accounting of Stanmar's profits, damages, and costs. Further, in light of the deliberate and malicious use of a confusingly similar imitation of Plaintiff's "Simply Delish" trademarks and trade dress, and the need to deter Stanmar

from engaging in similar conduct in the future, Plaintiff is also entitled to punitive damages.

## FIFTH CAUSE OF ACTION

### False/Fraudulent Registration (15 U.S.C. § 1120)

### (Against Stanmar and Pamensky)

72.    Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as if set forth fully herein.

73.    On or about January 7, 2015, Stanmar filed an application with the USPTO Plaintiff's "Simply Delish" trademark. The application was signed by Pamensky and was assigned Serial No. 86497193. Plaintiff agreed to allow Pamensky to register its trademark based on Pamensky's representation that Plaintiff would be the owner of the registered mark. Being entirely unfamiliar with trademark registration processes and rights associated therewith, the Plaintiff understood that Stanmar's details were recorded on the trademark filing receipt by virtue of Stanmar having tended to the trademark application on Plaintiff's behalf.

74.    As a part of the application, Pamensky declared that "[Stanmar] is the owner of the trademark/service mark sought to be registered" and that he "believes that to the best of [his] knowledge and belief, no other person has the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion or mistake, or to deceive." These statements were false and were known by Stanmar and Pamensky to be false at the time Pamensky made them.

75.    On or about October 14, 2020, Stanmar filed an application for a further trademark, which was subsequently registered under Registration No. 6432320. Plaintiff did not know that Stanmar filed this application and did not approve of Stanmar seeking to file additional trademark applications of Plaintiff's "Simply Delish" trademark.

///

76.    As a part of this application, Pamensky declared that he "believes that [Stanmar] is the owner of the trademark/service mark sought to be registered" and that "[t]o the best of [Pamensky's] knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive." These statements were false and were known by Stanmar and Pamensky to be false at the time Pamensky made them.

77.    Stanmar and Pamensky intended to induce the USPTO to rely on Pamensky's misrepresentations. The USPTO reasonably relied on Pamensky's representations in registering the "Simply Delish" trademark as Registration Nos. 4794542 and 6432320.

78.    As a direct and proximate result of Stanmar and Pamensky's fraud as alleged, Plaintiff has been damaged because it has effectively been locked out of the United States market for its products due to Stanmar's wrongful claim that it owns the Simply Delish brand and trademark. In addition, Stanmar has used its purported ownership of the Simply Delish intellectual property rights to force Facebook to remove Plaintiff's ability to advertise its Simply Delish-brand products on its platform, even if that advertising was targeted at consumers outside of the United States. This has resulted in lost sales in an amount to be established at trial.

79.    Stanmar has gained and benefited, and will continue to gain and benefit, from the use of the Simply Delish mark in an amount to be proven at trial.

80.    Plaintiff is informed and believes, and based thereon alleges, that Stanmar intends to continue its willfully infringing acts unless restrained by this Court, and unless enjoined, will continue to cause substantial, immediate, and irreparable injury to Plaintiff.

81.    Stanmar and Pamensky' fraud as alleged herein was intentional, willful, and malicious, thereby entitling Plaintiff to an award of punitive damages.

# SIXTH CAUSE OF ACTION

## Fraud

### (Against Stanmar and Pamensky)

82.    Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as if set forth fully herein.

83.    Beginning at least in 2015, and continuing into 2021, Pamensky, individually and in his role as President and CEO of Stanmar, made repeated material misrepresentations of fact regarding Plaintiff's intellectual property and Stanmar's intent to form a new corporation to be owned 50% by Plaintiff and 50% by Stanmar and to hold all of Plaintiff's intellectual property rights.

84.    Plaintiff relied on Pamensky's material misrepresentations as follows:

   a. In or about 2020, Pamensky again misrepresented to Plaintiff verbally and in writing that Stanmar would abide by its agreement to form a holding company to be owned 50% by Plaintiff and 50% by Stanmar. Based on these misrepresentations, Plaintiff agreed to explore moving product production to the United States and shared some of its confidential trade secret information with Stanmar and Pamensky with their agreement that they would keep the information confidential and only use it to further the parties' business.

   b. Also in or about 2020, Pamensky again misrepresented to Plaintiff verbally and in writing that Stanmar would abide by its agreement to form a holding company to be owned 50% by Plaintiff and 50% by Stanmar. Based on these misrepresentations, Plaintiff secured loans from its bank to finance the continued growth of the parties' joint business enterprise. Plaintiff used these funds to obtain international food safety certifications, leased a new larger premises at double its previous rental cost, and invested funds in the renovation of the new premises to meet the requirements of the new food safety standards.

Plaintiff also purchased a four-ton transport truck, forklift and hired new staff. In addition, with Stanmar's involvement, Plaintiff purchased container loads of ingredients to secure better pricing for the ramp up of production.

   c.  Also in or about 2020, Pamensky again misrepresented to Plaintiff verbally and in writing that Stanmar would abide by its agreement to form a holding company to be owned 50% by Plaintiff and 50% by Stanmar. Based on these misrepresentations, Plaintiff agreed to Stanmar approaching one of its suppliers in order for them to assist in adjusting and refining the Simply Delish Natural product formulations. Plaintiff also agreed to share the specific percentages of ingredients in its formulations. As with Plaintiff's prior disclosure of its confidential trade secrets to Stanmar, this information was shared under the express condition that Stanmar would keep the information in strict confidence and that the information would only be used to further the parties' joint business dealings.

85.    Pamensky knew that these misrepresentations were false at the time he made them, but he nevertheless made them in order to induce Plaintiff to rely on those misrepresentations and take various actions based upon said reliance.

86.    Plaintiff relied on the Pamensky' misrepresentations to its detriment in that it would not have agreed to approve and undertake various actions as alleged above.

87.    Plaintiff was justified in relying on Pamensky's misrepresentations because it was not provided with the true facts, which Pamensky actively hid from Plaintiff.

88.    As a direct and proximate cause of Pamensky's fraud as alleged herein, Plaintiff has suffered damages, the full nature and extent of which are presently unknown, but which will be determined according to proof at trial.

89.    Plaintiff has sought to mitigate its damages in some regard by selling product in South Africa using the new packaging that it purchased at Stanmar's request, in reliance upon on Pamensky's misrepresentations. However, Stanmar and Pamensky have sought to prevent Plaintiff from doing this by misrepresenting to Plaintiff's customers and authorities in South African that Plaintiff's sale of the product in the new packaging violates their trademark and trade dress.

90.    Pamensky's fraud as alleged above was willful, wanton, malicious, and oppressive, and justify an award of exemplary and punitive damages.

## SEVENTH CAUSE OF ACTION

### Violation of Defend Trade Secrets Act (18 U.S.C. § 1836)

### (Against all Defendants)

91.    Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as if set forth fully herein.

92.    Plaintiff is the owner of certain valuable trade secrets, as defined under The Defend Trade Secrets Act, 18 U.S.C. § 1839(3), including but not limited to the formulation of its sugar free gelatins and puddings. These trade secrets are related to Plaintiff's products that are used in or intended for use in interstate or foreign commerce.

93.    Plaintiff's trade secret information derived independent economic value from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of Plaintiff's trade secrets. Plaintiff's confidential and proprietary trade secrets are of substantial economic value and have conferred a competitive advantage on Plaintiff.

94.    The trade secrets are not known to the public and are not readily ascertainable by proper means to persons who could derive value from their disclosure or use.

///

///

95.    Plaintiff has taken reasonable steps to maintain the secrecy of its trade secrets, including by requiring confidentiality and/or nondisclosure agreements with any party granted access to Plaintiff trade secrets.

96.    Plaintiff is informed and believes, and based thereon alleges, that Stanmar and Pamensky subsequently shared Plaintiff's confidential trade secret information with Amy Pamensky. Plaintiff is further informed and believes, and based thereon alleges, that Defendants knowingly and willfully conspired and agreed among themselves to misappropriate and disclose Plaintiff's confidential and proprietary trade secret information for the benefit of Defendants, and with the deliberate intent to injure Plaintiff's business.

97.    Defendants have and continually will misappropriate Plaintiff's trade secrets in violation of the Defend Trade Secrets Act by using these trade secrets, without authority, to manufacture and sell Plaintiff's Simply Delish branded products in the United States and elsewhere.

98.    Defendants knew of the confidentiality, ownership, and use restrictions on the trade secrets, by which Stanmar and Pamensky agreed to abide.

99.    As a direct and proximate result of Defendants' violation of the Defend Trade Secrets Act, Plaintiff has sustained substantial damages in an amount that will to be proven at trial.

100.    Defendants' actions in converting and misappropriating Plaintiff's trade secret information for their own purposes was willful, wanton, and malicious, and was taken with reckless disregard for Plaintiff's rights.

101.    As a direct and proximate result of Defendants' current and continued misappropriation of Plaintiff trade secrets, Plaintiff will suffer additional and imminent and irreparable harm.

102.    Plaintiff has no adequate remedy at law. Unless enjoined by this Court, Defendants' acts of misappropriation will continue, and Plaintiff will continue to suffer irreparable harm.

## EIGHTH CAUSE OF ACTION

### Unfair Competition, Cal. Bus. and Prof. Code § 17200, *et. seq*.

### (Against All Defendants)

103.   Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as if set forth fully herein.

104.   Defendants' business practices as alleged above violate California's Unfair Competition Law ("UCL"), California Business & Professions Code section 17200 *et seq*.

105.   The UCL prohibits any unlawful, unfair or fraudulent business act or practice. As described in detail above, Defendants misappropriated Plaintiff's trade secrets and confidential information, and violated various United States and California statutes.

106.   Plaintiff reserves the right to allege other violations of law which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

107.   Defendants' acts and business practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that their conduct is substantially injurious to Plaintiff, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

108.   At all times relevant to this Complaint, there have existed reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein. The justifications for Defendants' unfair business practices were and are vastly outweighed by the adverse effects of the conduct on Plaintiff.

109.   Defendants, and each of them, aided, abetted, encouraged, and rendered substantial assistance to the other Defendants in carrying out the aforementioned unlawful and unfair business acts and practices conducted by Defendants.

110.   Defendants' conduct caused and continues to cause substantial injury to Plaintiff. Plaintiff has suffered injury in fact and have lost money because of Defendants' unfair conduct.

111.   As a result of the conduct described above, Defendants have been and will be unjustly enriched at the expense of Plaintiff.

112.   Defendants thus engaged in unlawful and unfair business acts and practices, entitling Plaintiff to judgment and to an order and injunction requiring Defendants to immediately cease its unlawful and unfair business practices.

## NINTH CAUSE OF ACTION

### Declaratory Relief

### (Against All Stanmar)

113.   Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if set forth fully herein.

114.   An actual, present controversy exists between the Plaintiff and Stanmar regarding the parties' respective rights and obligations with regard to ownership of the "Simply Delish" and "Simply Delish Natural" brands, trademarks, and trade dress and the formulation of Plaintiff's products.

115.   A declaration of the parties' respective rights, responsibilities, duties and obligations is essential to determine and resolve the respective claims of the parties. There is no other adequate or speedy remedy at law.

116.   Plaintiff seeks a declaration regarding the parties' respective rights and obligations in light of Stanmar's actions in seeking to claim ownership of the "Simply Delish" and "Simply Delish Natural" trademarks and trade dress and copyright vesting in the packaging and the formulation of Plaintiff's products. Specifically, Petitioner seeks a judicial declaration that Plaintiff is the rightful owner of the "Simply Delish" and "Simply Delish Natural" trademarks and trade dress and copyright and the formulation of Plaintiff's products.

///

117. Plaintiff also seeks a declaration from canceling trademark Registration Nos. 4794542 and 6432320 or, alternately, the assignment of the aforementioned marks to the Plaintiff under 15 U.S.C. §1119.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. Defendants and all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from Defendants, or in concert or participation with Defendants, and each of them, be enjoined from:

a. advertising, marketing, promoting, or otherwise using the infringing "Simply Delish" trademarks and trade dress;

b. using the infringing "Simply Delish" trademarks and trade dress on or in connection with any of Defendants' products;

c. using the "Simply Delish" trademarks and trade dress, or any other colorable imitation, or simulation of Plaintiff's "Simply Delish" trademarks and trade dress in connection with Defendants' goods;

d. using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to any of Plaintiff's trademarks, trade dresses, names, or logos;

e. using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Plaintiff, or are sponsored or authorized by Plaintiff, or are in any way connected or related to Plaintiff;

    f. using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' services that dilutes or is likely to dilute the distinctiveness of Plaintiff's trademarks, trade dresses, names, or logos; and

    g. passing off, palming off, or assisting in passing off or palming off Defendants' goods as those of Plaintiff, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint.

  2. That Defendants be ordered to destroy all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Stanmar that bear the "Simply Delish" trademarks and trade dress;

  3. That Defendants, along with their agents, employers, employees, attorneys and those persons in active concert or participation with them, be enjoined through a preliminary injunction and permanent injunction from: using, disclosing, disseminating, revealing, misappropriating or threatening to misappropriate Plaintiff's trade secrets and confidential information;

  4. That Defendants be ordered to return and all of Plaintiff's property in their possession, custody, or control;

  5. That Defendants be ordered to account to Plaintiff for any and all profits derived by Defendants from the use of infringing "Simply Delish" trademarks and trade dress and to disgorge all monies obtained as a result of their improper actions;

  6. That Plaintiff be awarded compensatory damages in an amount to be proven at trial;

  7. That Plaintiff be awarded exemplary or punitive damages in an amount to be proven at trial due to Defendants' wrongful acts, including but not limited to their infringement and/or dilution of Plaintiff's "Simply Delish" trademarks and trade dress and their fraud;

///

///

8.     That Plaintiff be awarded all profits Defendants have received using Plaintiff's "Simply Delish" trademarks and trade dress pursuant to 15 U.S.C. § 1117(a) and any other applicable state or federal statute;

9.     That Plaintiff be awarded its costs and attorneys' fees incurred in bringing this action pursuant to 15 U.S.C. § 1117(a) and any other applicable state or federal statute;

10.     That Plaintiff be awarded prejudgment and post-judgment interest on all monetary awards; and

11.     For such other and further relief as the Court deems just and proper.


DATED: June 23, 2022          PEREZ VAUGHN & FEASBY INC.


By: /s/Jeffrey A. Feasby
Jeffrey A. Feasby
Attorneys for Plaintiff

1

**JURY TRIAL DEMAND**

2           Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

3  respectfully demands a trial by jury on all claims and issues so triable.

4

5  DATED: June 23, 2022        PEREZ VAUGHN & FEASBY INC.

6

7                     By: /s/Jeffrey A. Feasby

8                       Jeffrey A. Feasby
                       Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF