UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOLICEL (PTY) Ltd,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>STANMAR INTERNATIONAL (USA) Inc., et al.<br><br>　　　　　　　　　Defendants. | Case No.: 22-cv-926-LL-DTF<br><br>**ORDER REGARDING DISCOVERY DISPUTE** |

　　　On June 26, 2025 the Parties, via a Joint Discovery Statement, notified the Court that an issue had arisen regarding the confidential nature of portions of the deposition of defendant Martin Pamensky being de-designated for use in another proceeding pending between the Parties in South Africa.

　　　Plaintiff maintains that the testimony at issue does not qualify as "Confidential" under Paragraph 4(a) of the Protective Order.  Further, it contends the testimony is necessary in the South Africa action to contradict an affidavit submitted by Mr. Pamensky.  Defendant counters that the testimony at issue is confidential and includes details regarding Defendants' corporate formation, structure and relationships.  Additionally, it argues that it is inappropriate for Plaintiff to seek to use deposition testimony from this case in another action, maintaining that Plaintiff is free to seek discovery in the South Africa action subject to the applicable discovery and testimony rules.

　　　Notwithstanding the narrowness of Plaintiff's request, and the potential overlap between the issues of this litigation and those in the South Africa action, Plaintiff failed to

establish relevancy concerning the materials it seeks. *See e.g. Chen v. Ampco Sys. Parking,* No. 08-cv-0422-BEN(JMA), 2009 WL 2496729, at *3 (S.D. Cal. Aug 14, 2009) ("Although Plaintiff identifies certain similarities between the state cases and this case, such similarities are not enough to require a *carte blanche* production of all documents from the state cases.") (collecting cases).

Indeed, Plaintiff has made conclusory assumptions regarding the admissibility of Mr. Pamensky's prior testimony in a lawsuit brought in South Africa. The fact that Mr. Pamensky sat for a deposition is this case does not necessarily make his testimony admissible in the South African action. And this Court is not familiar with the applicable South African rules governing the production of deposition transcripts from other cases in order to compare witness testimony to decide the issue. The court, therefore, agrees with Defendant that "Plaintiff [] remain[s] free to seek testimony in the [South Africa] case pursuant to whatever discovery or testimony rules apply to that action."

Finally, although Plaintiff desires to share Mr. Pamensky's testimony with the South African court, that desire, without more, is insufficient to change what is otherwise properly designated confidential under the protective order. While "obtaining the fruits of in this action might well save [Plaintiff] time and money, that does not entitle [it] to documents and information governed by [a] protective order." *Barrella v. Vill of Freeport,* No. 12-CV-0348 (AD) (WDW) 2012 WL 6103222, *2 (E.D.N.Y. Dec. 8, 2012).

In light of the foregoing, this Court **denies** Plaintiff's request to de-designate the requested material and declines to decide whether the select deposition testimony of Mr. Pamensky can be used in the South Africa action.

**IT IS SO ORDERED.**

Dated: July 2, 2025

Hon. D. Thomas Ferraro
United States Magistrate Judge